SEE "PREPAYMENT RIDER TO NOTE" ATTACHED HERETO AND MADE A PART HEREOF.

# NOTE

Loan Number:                                                                                                                MIN:

    June 17, 2005                          PHILADELPHIA                          PENNSYLVANIA
       [Date]                                    [City]                                [State]

244 MEADOW ROAD
RAYMOND, ME  04071
[Property Address]

**1. BORROWER'S PROMISE TO PAY**
    In return for a loan that I have received, I promise to pay U.S. $ 202,500.00              (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
Wilmington Finance, a division of AIG Federal Savings Bank

I will make all payments under this Note in the form of cash, check or money order.
    I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
    Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of              7.990 %.
    The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**
    **(A) Time and Place of Payments**
    I will pay principal and interest by making a payment every month.
    I will make my monthly payment on the   15th   day of each month beginning on     August 15, 2005    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on      July 15, 2035      , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
    I will make my monthly payments at  PO Box 209
Plymouth Meeting, PA  19462                                              or at a different place if required by the Note Holder.

    **(B) Amount of Monthly Payments**
    My monthly payment will be in the amount of U.S. $ 1,484.46

**4. BORROWER'S RIGHT TO PREPAY**
    I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
    I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**MAINE FIXED RATE NOTE**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

VMP ®-5N(ME) (0005)          Form 3220 1/01
VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 3          Initials: _DAB_
DDS-MEF                              _JMB_

EXHIBIT **B**

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of     15     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.



**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any interest in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, Lender will not require immediate payment in full if prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement, following the procedures in Section 15. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)       _____ (Seal)
JANICE M BANCROFT        -Borrower         DONALD F BANCROFT        -Borrower

_____ (Seal)       _____ (Seal)
                         -Borrower                                  -Borrower

_____ (Seal)       _____ (Seal)
                         -Borrower                                  -Borrower

_____ (Seal)       _____ (Seal)
                         -Borrower                                  -Borrower

*[Sign Original Only]*

# PREPAYMENT RIDER TO NOTE

Loan No.:

The Note dated June 17, 2005 between Wilmington Finance, a division of AIG Federal Savings Bank

(Lender) and

JANICE M BANCROFT, DONALD F BANCROFT

(Borrower or I)

is hereby amended as follows:

I.  Additional Covenants. Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender covenant, and agree, that the provisions of the section of the Note entitled "BORROWER'S RIGHT TO PREPAY" or "BORROWER'S PAYMENTS BEFORE THEY ARE DUE" are amended to read as follows:

Subject to the Prepayment Penalty provided below, I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." A "Full Prepayment" is the prepayment of the entire unpaid Principal due under the Note. A payment of only part of the unpaid Principal is known as a "Partial Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

If, within the 60 month period beginning with the date I execute the Note (the "Penalty Period"), I make a Full Prepayment, or Partial Prepayment in any twelve (12)-month period that exceeds 10% of the original Principal loan amount, I will pay a Prepayment charge as consideration of the Note Holder's acceptance of such Prepayment. The Prepayment charge will equal 5.000 % of the then Principal balance of the Note. No Prepayment charge will be assessed for any Prepayment occurring after the Penalty Period.

The Rider will remain in full force and effect unless the Note is transferred by Lender and the Borrower is notified in writing by the new Note Holder that such Note Holder, at its sole option, has declared the Rider null and void. If the Rider is declared null and void, the original Note terms shall remain in full force and effect.

_____ (Seal)  
JANICE M BANCROFT              -Borrower

_____ (Seal)  
DONALD F BANCROFT              -Borrower

_____ (Seal)  
                               -Borrower

_____ (Seal)  
                               -Borrower

DDS-BAF                                                                                      (03/03)

## ALLONGE TO NOTE

| | |
|---|---|
| Allonge to note dated: | 6/17/2005 |
| In Favor of : | Wilmington Finance, a division of AIG Federal Savings Bank |
| And executed by: | **JANICE M BANCROFT and DONALD F BANCROFT** |
| Property Address: | 244 MEADOW ROAD RAYMOND, ME 04071, |
| Loan Amount: | $ 202,500.00 |
| Pay to the order of : | The CIT Group/Consumer Finance, Inc. ~~CIT CONSUMER FINANCE~~ |
| without recourse: | Wilmington Finance, a division of AIG Federal Savings Bank |
| By: | _____ Jon Herb Designated Signer |
| Title: | |

## ALLONGE TO NOTE

Account Number:

Allonge to Note dated: 06/17/2005

And Executed by: **JANICE M BANCROFT**
**DONALD F BANCROFT**

Property Address: **244 MEADOW ROAD**
**RAYMOND, ME 04071**

Loan Amount: **$202,500.00**

Pay to the order of: **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1**

Without recourse: THE CIT GROUP/CONSUMER FINANCE, INC., BY VERICREST FINANCIAL, INC., AS ATTORNEY-IN-FACT

*[signature]*

By:
Title:
CORRI EDWARDS
AUTHORIZED SIGNATORY

# ALLONGE TO NOTE

Account Number:

Allonge to Note dated: **06/17/2005**

And Executed by: **JANICE M BANCROFT**
**DONALD F BANCROFT**

Property Address: **244 MEADOW ROAD**
**RAYMOND, ME 04071**

Loan Amount: **$202,500.00**

Pay to the order of: **WELLS FARGO DELAWARE TRUST COMPANY, N.A., AS TRUSTEE FOR VERICREST OPPORTUNITY LOAN TRUST 2010-NPL1**

Without recourse: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1, BY VERICREST FINANCIAL, INC., AS ATTORNEY-IN-FACT

*[signature]*

By:
Title:

CORRI EDWARDS
AUTHORIZED SIGNATORY

# ALLONGE TO NOTE

Account Number:

Allonge to Note dated: **06/17/2005**

And Executed by: **JANICE M BANCROFT**
**DONALD F BANCROFT**

Property Address: **244 MEADOW ROAD**
**RAYMOND, ME 04071**

Loan Amount: $202,500.00

Pay to the order of: **US BANK TRUST N.A., AS TRUSTEE FOR LSF6 MRA REO TRUST**

Without recourse: **WELLS FARGO DELAWARE TRUST COMPANY, N.A., AS TRUSTEE FOR VERICREST OPPORTUNITY LOAN TRUST 2010-NPL1, BY VERICREST FINANCIAL, INC., AS ATTORNEY-IN-FACT**

*[signature]*

By:
Title:

CORRI EDWARDS
AUTHORIZED SIGNATORY

## ALLONGE TO NOTE

Account Number:

Allonge to Note dated:   06/17/2005

And Executed by:   **JANICE M BANCROFT**
                   **DONALD F BANCROFT**

Property Address:   **244 MEADOW ROAD**
                    **RAYMOND, ME 04071**

Loan Amount:   $202,500.00

Pay to the order of:   U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF6 BERMUDA MRA TRUST

Without recourse:   **US BANK TRUST N.A., AS TRUSTEE FOR LSF6 MRA REO TRUST, BY VERICREST FINANCIAL, INC., AS ATTORNEY-IN-FACT**

By:
Title:   CORRI EDWARDS
         AUTHORIZED SIGNATORY

# ALLONGE TO NOTE

Account Number:

Allonge to Note Dated:      6/17/2005

And Executed by:            **JANICE M BANCROFT**

                            **DONALD F BANCROFT**

Property Address:           **244 MEADOW ROAD**
                            **RAYMOND, ME  04071**

Loan Amount:                $202,500.00

Pay to the order of:

Without recourse:           **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF6 BERMUDA MRA TRUST, BY CALIBER HOME LOANS, INC., F/K/A VERICREST FINANCIAL, INC., AS ITS ATTORNEY IN FACT**

                            *[signature]*

By:                         **Roy Lacey**
Title:                      **Authorized Signatory**

Loan number:

Borrower: **JANICE M BANCROFT**
**DONALD F BANCROFT**

Note Date: 6/17/2005

# ALLONGE TO NOTE

PAY TO THE ORDER OF

WITHOUT RECOURSE

_____
Authorized Signature

Patricia Saenz, Assistant Vice President

Vericrest Financial, Inc., successor in interest to CIT Group/Consumer Finance, Inc.

VCFI

Loan number:

Borrower: JANICE M BANCROFT   DONALD F BANCROFT

Note Date: **June 17th, 2005**

# ALLONGE TO NOTE

PAY TO THE ORDER OF

CIT CONSUMER FINANCE

WITHOUT RECOURSE

_____
Authorized Signature

Christopher Kelly  Vice President
Printed Name/Title

Wilmington Finance, a division of AIG Federal Savings Bank

# ALLONGE TO NOTE

Account Number:

Allonge to Note Dated: 06/17/2005

And Executed by: JANICE M BANCROFT

DONALD F BANCROFT

Property Address: 244 MEADOW ROAD
RAYMOND, ME  04071

Loan Amount: $202,500.00

Pay to the order of: LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1

Without recourse: THE CIT GROUP/CONSUMER FINANCE, INC., BY VERICREST FINANCIAL, INC., AS ITS ATTORNEY-IN-FAC

Roy Lacey
Authorized Signatory

By:
Title:

# ALLONGE TO NOTE

Account Number:

Allonge to Note Dated:    06/17/2005

And Executed by:    JANICE M BANCROFT

DONALD F BANCROFT

Property Address:    244 MEADOW ROAD

RAYMOND, ME  04071

Loan Amount:    $202,500.00

Pay to the order of:    VERICREST FINANCIAL INC., F/B/O VERICREST OPPORTUNITY LOAN TRUST 2010-NPL1

Without recourse:    LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1, BY VERICREST FINANCIAL, INC. AS ITS ATTORNEY IN FACT

By:    *[signature]*

Roy Lacey

Title:    Authorized Signatory

# ALLONGE TO NOTE

Account Number:

Allonge to Note Dated: 06/17/2005

And Executed by: **JANICE M BANCROFT**

**DONALD F BANCROFT**

Property Address: **244 MEADOW ROAD**

**RAYMOND, ME 04071**

Loan Amount: **$202,500.00**

Pay to the order of: **WELLS FARGO DELAWARE TRUST COMPANY, N.A., AS TRUSTEE FOR VERICREST OPPORTUNITY LOAN TRUST 2010-NPL1**

Without recourse: **VERICREST FINANCIAL INC., F/B/O VERICREST OPPORTUNITY LOAN TRUST 2010-NPL1, BY VERICREST FINANCIAL, INC. AS ITS ATTORNEY IN FACT**

By: *[signature]*

Title: **Roy Lacey**

**Authorized Signatory**

# ALLONGE TO NOTE

Account Number:

Allonge to Note Dated: 06/17/2005

And Executed by: JANICE M BANCROFT

DONALD F BANCROFT

Property Address: 244 MEADOW ROAD

RAYMOND, ME 04071

Loan Amount: $202,500.00

Pay to the order of: LSF6 MRA REO TRUST

Without recourse: WELLS FARGO DELAWARE TRUST COMPANY, N.A., AS TRUSTEE FOR VERICREST OPPORTUNITY LOAN TRUST 2010-NPL1, BY CALIBER HOME LOANS, INC., F/K/A VERICREST FINANCIAL, INC., AS ITS ATTORNEY IN FACT

By:  Roy Lacey

Title: Authorized Signatory

# ALLONGE TO NOTE

Account Number:

Allonge to Note Dated: 06/17/2005

And Executed by: JANICE M BANCROFT

DONALD F BANCROFT

Property Address: 244 MEADOW ROAD

RAYMOND, ME  04071

Loan Amount: $202,500.00

Pay to the order of: U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF6 MRA REO TRUST

Without recourse: LSF6 MRA REO TRUST, BY ITS TRUSTEE U.S. BANK TRUST, N.A., THROUGH CALIBER HOME LOANS, INC., F/K/A VERICREST FINANCIAL, INC., AS ATTORNEY IN FACT FOR THE TRUSTEE

*[signature]*

Roy Lacey
Authorized Signatory

By:
Title:

# ALLONGE TO NOTE

Account Number:

Allonge to Note Dated: 06/17/2005

And Executed by: JANICE M BANCROFT

DONALD F BANCROFT

Property Address: 244 MEADOW ROAD

RAYMOND, ME 04071

Loan Amount: $202,500.00

Pay to the order of: U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF6 BERMUDA MRA TRUST

Without recourse: U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF6 MRA REO TRUST, BY CALIBER HOME LOANS, INC., F/K/A VERICREST FINANCIAL, INC., AS ITS ATTORNEY IN FACT

By:

Title:

Roy Lacey

Authorized Signatory

# ALLONGE TO NOTE

Account Number:

Allonge to Note Dated: 06/17/2005

And Executed by: **JANICE M BANCROFT**

**DONALD F BANCROFT**

Property Address: **244 MEADOW ROAD**
**RAYMOND, ME 04071**

Loan Amount: $202,500.00

Pay to the order of: _____

Without recourse: U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF6 MRA REO TRUST, BY CALIBER HOME LOANS, INC., F/K/A VERICREST FINANCIAL, INC., AS ITS ATTORNEY IN FACT

By:  
Title:  

Roy Lacey
Authorized Signatory